Caruthers, J.,
delivered the opinion of the Court.
This is an action of replevin for a negro, brought by the defendant in error against the plaintiff in error, who relies upon the defence that he seized the slave under an execution in his hands, as a special deputy under the high sheriff, James M. Johnson, in favor of Gr. P. Steel vs. C. D. Steel.
The execution and deputation were objected to as evidence in defence, on the ground that Johnson was not sheriff of Bedford at the date of the deputation, on the 4th April, 1856, and of the levy of the execution, on the 5th of the same month, but that his term of office expired on the 3d, he having been qualified, on his reelection to office, on the 3d April, 1854. It also appears from the record that he had been inducted into office, after his first election, for the preceding term, on the 6th April, 1852.
His Honor the Circuit Judge sustained the objection, and charged the jury that Burt had no legal authority to take the slave in controversy in execution, for the reason stated, and consequently the defence failed, and the plaintiff recovered.
The main argument here has been upon a constitutional question, supposed to be raised upon the facts stated; that is, as the Constitution provides that a sheriff shall hold his office for two years, whether it is competent for the Legislature to prolong it, by providing a time for the execution of bonds and qualifications after the term of two years has expired. There is no provision, as in some other cases, that the incumbent shall hold the office until *236 Ms successor is qualified. It is evident, from the construction contended for, under the present regulation, that the county officers elected on the first Saturday in March shall he inducted into office at the first County Court thereafter; that a vacancy must necessarily occur for one or more days in the office of sheriff every two years.
This was certainly not contemplated by the Legislature, and could be avoided by providing some other mode of induction into office, which might be by the clerk, chairman, or County Judge. But it is not necessary to decide how this would be under the Constitution and the present state of legislation on the subject: as this case does not raise the question, and as it may become one of importance, we will not decide it in advance of a case which must necessarily turn upon it, when it will be more fully argued and considered.
Johnson, though elected on the first Saturday in March, 1852, was not inducted into office until the 6th of April, that being the day on which the County Court met in that year. That day, then, was the commencement of his term, under his first election; and it did not terminate until the end of two years, which would be on the 6th of April, 1854, when his second term commenced, and did not, of course, expire until the 6th April, 1856.
But it is insisted, that as he was qualified on the 3d day of April, 1854, his official term would close in two years from that time. We cannot concur in this conclusion : it defeats the first position assumed. It cannot be contended that the two years are to commence on the day of election, (the first Saturday in March,) because that, under the law, only gives a title to the office, or a right to be inducted into it, under the provisions of law on that *237 subject. Bonds are to be entered into and oaths taken: until this is done he cannot assume and exercise the functions of his office: before that, the election is subject to be contested.
The term, then, must begin at the time of installation; therefore the powers and functions of the incumbent continue for two years from that time. The fact that Johnson was qualified and entered into bonds on the 3d of April, 1854, three days before his time was out, does not affect the argument : that could not have the effect to shorten his term, but only prepared him to enter upon the next term of service at the end of the preceding one, three days there-
after. His successor had been elected, but could not claim the office until the 6th of April, 1856, as it was not vacant until that time.
Therefore, there was error in ruling that Burt could not use in his defence the execution under which he acted, upon the ground that Johnson had no power on the 4th of April, 1856, to give him a valid deputation.
The judgment will be reversed, and a new trial awarded.